UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROCK WILLIAMS,<br>    Plaintiff<br><br>v.<br><br>ACI AUTO GROUP LLC and<br>PETER G. ALBERICI,<br>    Defendants | CIVIL ACTION NO.<br><br>COMPLAINT<br><br><br><br>January 14, 2015 |

## I. INTRODUCTION

1.   This is a suit brought by a consumer regarding the purchase and sale, and repossession, of a motor vehicle.  Plaintiff brings this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from the defendant, ACI Auto Group LLC ("ACI"), for engaging in a "yo-yo" sale of a motor vehicle, also known as a spot delivery.  The illegal, unfair and deceptive actions engaged in consisted of offering financing with ACI acting as the creditor, delivering possession of the vehicle to Plaintiff, making fraudulent statements to Plaintiff to try to induce him to return the Vehicle, repossessing the Vehicle, and then re-selling the Vehicle without providing the required notices or accounting to Plaintiff for the proceeds.

2.   Plaintiff alleges that ACI's conduct violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); the foreclosure provisions of the Connecticut Retail Installment Sales Financing Act, Conn. Gen. Stat. § 36a-785 ("RISFA"); Article 9 of the Uniform Commercial Code ("UCC"), Conn. Gen . Stat. §§42a-9-101 *et seq.;* the Connecticut

Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat §42-110a *et seq.*; and also constituted fraudulent misrepresentation, negligent misrepresentation, and breach of contract.

3. Plaintiff alleges that defendant Peter G. Alberici signed an Affidavit of Repossession fraudulently stating that the Plaintiff was in default on the loan when, in fact, Plaintiff's first payment under the contract was not yet due, and Alberici engaged in violations of CUTPA.

## II. PARTIES

4. Plaintiff is a consumer and natural person residing in South Windsor, Connecticut.

5. Defendant ACI is a Connecticut limited liability company that operates a used automobile dealership in East Windsor, Connecticut.

6. Defendant Peter G. Alberici is a natural person residing in Longmeadow, Massachusetts and is a managing member of defendant ACI.

## III. JURISDICTION

7. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

8. This court has jurisdiction over ACI because it is a Connecticut limited liability company that regularly conducts business in this state.

9. This court has jurisdiction over Peter G. Alberici because he is the managing member of the Connecticut limited liability company and was acting in his capacity as a managing member of that company within Connecticut.

10. Venue in this court is proper, because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

11. ACI, as part of its regular business practice, sells vehicles to consumers who require financing.

12. Consumers who finance their purchases have two options. They can either obtain financing directly from a lender and deliver the loan proceeds to ACI, who would treat the transaction in much the same fashion as a cash purchase. Alternatively, consumers can finance their purchases by entering into retail installment contracts directly with ACI.

13. ACI generally does not retain possession of the retail installment contracts, but instead it assigns the retail installment contracts to third party banks or finance companies, who pay ACI in return for the assignment.

14. Generally, prior to providing a consumer with a retail installment contract and prior to delivering possession of a vehicle to a consumer, ACI will obtain an agreement from a bank or finance company that it will accept assignment of the retail installment contract.

15. Occasionally, ACI is unable to obtain a firm commitment to accept assignment of a vehicle at the time that a consumer is ready and willing to proceed with a financed purchase.

16. In some instances, in order to avoid losing the sale, ACI will provide a consumer with a retail installment contract in the hope that it will subsequently assign the contract to a finance company.

17.     In those instances, ACI has a general business practice of seeking to bind the consumer to the transaction even though it does not intend to honor the retail installment contract if it is unable to assign it to a third party.

18.     On May 27, 2014, Plaintiff purchased a 2006 Hummer H3 (the "Vehicle") from ACI for a cash price of $17,000.00 pursuant to a Retail Purchase Order and Retail Installment Sales Contract (the "Contract").

19.     Plaintiff paid a down payment of $1,100.00.

20.     The Contract listed the "Buyer" as Rock Steven Williams and the "Creditor-Seller" as ACI Auto Group LLC.

21.     The Contract provided for an amount financed of $17,582.69 and called for Plaintiff to make 65 payments of $364.61 per month commencing June 26, 2014.

22.     The Contract and Retail Purchase Order also included a dealer conveyance fee of $389.00 for ACI to process the paperwork necessary to convey title to the Vehicle.

23.     The Contract and Retail Purchase Order also included a charge for $189.49 for registration and title.

24.     The Contract reference an assignment to Digital Federal Credit Union ("Digital FCU").

25.     Although ACI intended to assign the Contract to Digital FCU at the time that it prepared the Contract and provided it to Plaintiff for execution, it was unable to do so or it declined to do so.

26. On June 6, 2014, ACI sent an email to Plaintiff's girlfriend, Kristin Norton, requesting that Plaintiff return the Vehicle to ACI, claiming that financing had been approved by a different lender and advising that the Vehicle had not passed emissions.

27. In reality, the Vehicle had passed emissions on May 27, 2014, and ACI's statement was a deception in order to persuade Plaintiff to return the Vehicle to ACI.

28. On June 6, 2014, Norton received a second email from ACI falsely advising that the Vehicle registration was expiring on that date and requesting Plaintiff to bring the Vehicle back to the dealership.

29. This was a deceptive statement, because the registration was valid until May 27, 2016.

30. On June 7, 2014, Norton received a telephone message on her answering machine from an ACI salesman named Jeremy telling her that the Plaintiff had to bring the Vehicle back to ACI so that it could be brought for emissions testing.

31. On or about June 10, 2014, ACI retook possession of the Vehicle from Plaintiff, even though he was in full compliance with all of his obligations under the Contract and the first payment under the Contract was not yet due.

32. Plaintiff was ready, willing, and able to make his payments under the Contract.

33. On information and belief, ACI retook possession of the Vehicle because it did not want to be bound by the Contract that it had entered into with Plaintiff due to its inability to assign the Contract to a third party lender.

34. ACI has never returned the $1,100 deposit to Plaintiff.

35. ACI re-sold the Vehicle to another purchaser in September 2014.

5

36. In order to convey title to the new purchaser, ACI submitted an affidavit executed by Alberici to the Connecticut Department of Motor Vehicles that falsely stated that the Vehicle had been repossessed due to non-payment by Plaintiff.

37. ACI has not provided Plaintiff with any notices in connection with the repossession or sale of the Vehicle.

38. ACI has not provided Plaintiff with any notices in connection with its denial of Plaintiff's credit application or the retraction of the credit that ACI had previously extended to him.

## V.   CAUSES OF ACTION

### 1.  Truth in Lending Act – ACI

39. To the extent that the extension of credit to Plaintiff was conditional, ACI violated TILA because it understated the Annual Percentage Rate, in that the monthly payments presume the extension of credit as of the date of the contract.

40. ACI further violated TILA because it failed to mark the conditional credit terms as estimates.

41. ACI is liable for statutory damages of $2,000 for its violations of TILA.

### 2. Equal Credit Opportunity Act - ACI

42. In revoking credit that had been previously granted as evidenced by the Contract, and in taking Plaintiff's Vehicle without his consent, ACI took adverse action against Plaintiff as defined in U.S.C. § 1691d(6) of the ECOA.

43. In violation of 15 U.S.C. § 1691d(1) and (2) of the ECOA, ACI failed to provide Plaintiff with written notification as to the reasons for the adverse action and

failed to provide him with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

44. As a proximate result of ACI's violations of the ECOA, Plaintiff suffered embarrassment, humiliation, mental distress and inconvenience, and he lost possession of his vehicle.

45. The acts complained herein were done by ACI intentionally, purposefully and/or in reckless disregard of Plaintiff's rights.

46. ACI is also liable to Plaintiff for statutory punitive damages in an amount not greater than $10,000 pursuant to 15 U.S.C. § 1691e(b).

### 3. Retail Installment Sales Financing Act - ACI

47. ACI repossessed the Vehicle sixteen days before Plaintiff's first installment payment was due under the Contract.

48. ACI repossessed the Vehicle without notice to Plaintiff.

49. ACI disposed of the Vehicle that was owned by Plaintiff.

50. ACI failed to provide Plaintiff with written notice of the repossession under Conn. Gen. Stat. § 36a-785(c).

51. ACI failed to provide Plaintiff with notice of the date and time of the public disposition of his Vehicle or, if the disposition was by private sale, with notice that the disposition would be by private sale and the date after which a private sale would be conducted, as required by Conn. Gen. Stat. § 36a-785(d).

52. ACI failed to provide Plaintiff with notice of the disposition of the proceeds of the sale of the Vehicle and failed to account to him for any surplus, in violation of Conn. Gen. Stat. § 36a-785(e).

53. ACI is liable to Plaintiff for the greater of his actual damages or one-quarter of the amount that he has paid under the retail installment contract, pursuant to Conn. Gen. Stat. § 36a-785(i).

### 4.  UCC Article 9 Violations - ACI

54. ACI repossessed the Vehicle sixteen days before Plaintiff's first installment payment was due under the Contract.

55. ACI disposed of the Vehicle and failed to provide Plaintiff with written notice of the date and time of the public disposition of his vehicle or, if the disposition was by private sale, with notice that disposition would be by private sale and the date after which a private disposition would take place, as required by Conn. Gen. Stat. § 42a-9-613 and § 42a-9-614.

56. ACI is liable to Plaintiff pursuant to Conn. Gen. Stat. § 42a-9-625(c)(2) for an amount equal to the credit service charge of $6,116.96 plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Sales Contract, which amount equals $1,758.27 (10% x $17,582.69), for a total amount of $7,875.23.

### 5. Connecticut Unfair Trade Practices Act - ACI

57. The actions of ACI in representing to Plaintiff that he had been approved for financing on the purchase of the car, then delivering the possession of the Vehicle to

Plaintiff, and then repossessing the Vehicle and reselling the Vehicle without notice to Plaintiff, and its other conduct as previously alleged, constituted unfair and deceptive acts in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et. seq*.

58. Plaintiff has suffered an ascertainable loss in that he paid a down payment for the purchase of the Vehicle and ACI retained the down payment, and he lost the use and full value of the Vehicle.

59. For ACI's violations of CUTPA, Plaintiff seeks actual damages, punitive damages and a reasonable costs and attorney's fee.

### 6. Negligent Misrepresentation - ACI

60. The actions of ACI, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiff that his credit application had been approved, its delivery of possession of the Vehicle to Plaintiff, and thereafter repossessing the Vehicle before the first payment became due, constituted a negligent misrepresentation in that the defendant's agents and employees, while acting within the scope of their authority as agents and employees for ACI, failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the financing of Plaintiff's Vehicle and thereby supplied false information for the guidance of Plaintiff in purchasing the Vehicle, and caused Plaintiff, by his justifiable reliance upon this information, to suffer pecuniary loss.

61. The actions of ACI have caused Plaintiff damages in that he paid a deposit which ACI refused to return to him, he has lost the use and full value of the Vehicle and was without reliable transportation.

62. Plaintiff has suffered emotional distress, aggravation, and embarrassment because of the defendant's actions.

### 7. Fraudulent Misrepresentation – ACI

63. The actions of ACI, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiff that his credit application had been approved, its delivery of possession of the Vehicle to Plaintiff, and thereafter repossessing the Vehicle before the first payment became due, constituted a fraudulent misrepresentation in that ACI, by its duly authorized agents and employees, made a false representation as to the financing approval of the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by ACI's agents and employees who were acting within the scope of its authority and employment when they made the representation, and they were made to induce Plaintiff to act upon them, and Plaintiff did act upon the false representations to Plaintiff's injury.

64. The actions of ACI have caused Plaintiff damages in that he has lost the use and full value of the Vehicle.

65. Plaintiff also suffered emotional distress, aggravation, and embarrassment because of ACI's actions.

### 8. CUTPA – Alberici

66. Defendant Alberici signed an Affidavit of Repossession on June 10, 2014 and filed the Affidavit with the State of Connecticut Department of Motor Vehicles in which he attested that the Plaintiff was in default in payment under the contract.

67. These representations were false and deceptive, as Plaintiff's first payment was not due until June 26, 2014.

68. This conduct undertaken by Alberici was in violation of CUTPA.

69. Alberici's CUTPA violation caused Plaintiff to suffer an ascertainable loss in that the Vehicle was wrongfully repossessed causing Plaintiff to lose the use and full value of the Vehicle and his down payment.

70. Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Alberici's actions.

### 9. Fraudulent Misrepresentation – Alberici

71. Defendant Alberici signed an Affidavit of Repossession on June 10, 2014 and filed the Affidavit with the State of Connecticut Department of Motor Vehicles in which he attested that the Plaintiff was in default in payment under the contract.

72. These representations were fraudulent as Plaintiff's first payment was not due until June 26, 2014.

73. The fraudulent misrepresentations by Alberici have caused Plaintiff damages in that the Vehicle was wrongfully repossessed causing Plaintiff to lose the use and full value of the Vehicle.

74. Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Alberici's actions.

**Wherefore, Plaintiff claims** damages, statutory damages under TILA, actual and punitive damages under ECOA, minimum damages pursuant to Conn. Gen. Stat. § 36a-785(i), minimum damages under Conn. Gen. Stat. § 42a-9-625, actual and punitive damages under CUTPA, and such other further relief to which Plaintiff is entitled at law or in equity.

        **PLAINTIFF, ROCK WILLIAMS**

        By: /s/Daniel S. Blinn
        Daniel S. Blinn, ct02188
        Consumer Law Group, LLC
        35 Cold Spring Rd. Suite 512
        Rocky Hill, CT  06067
        Tel. (860) 571-0408
        Fax. (860) 571-7457
        dblinn@consumerlawgroup.com